# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**DAPHNE HOLCOMBE**                                                                   **PLAINTIFF**

**V.**                                                                   **CAUSE NO.: 1:08CV288-SA-SAA**

**CITY OF TUPELO**                                                          **DEFENDANT**

## ORDER ON MOTION FOR PRELIMINARY INJUNCTION

Pursuant to the Court's opinion as stated on the record at the end of the hearing on preliminary injunction, the Court hereby denies Plaintiff's Motion for Preliminary Injunction. Specifically, the Court notes that to prevail on a motion for preliminary injunction, a plaintiff must show (1) a substantial likelihood of success on the merits, (2) a substantial threat that he will suffer irreparable injury if the preliminary injunction is denied, (3) his threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted, and (4) that granting the preliminary injunction will not disserve the public interest. Speaks v. Kruse, 445 F.3d 396, 399-400 (5th Cir. 2006). After reading the motions, responses, briefs, and authorities, hearing the testimony, and receiving the exhibits at the hearing on this motion, the Court finds that Plaintiff did not meet this burden.

*Likelihood of Success on the Merits*

First, the Court notes that according to the evidence currently in the record, the Mayor of the City of Tupelo had the right to terminate Plaintiff's employment. Plaintiff's job application was made for Chief Financial Officer ("CFO"). According to Tupelo City Code 2-45, the mayor has the responsibility to appoint the CFO and states that the CFO is "answerable to the mayor" and "shall serve at the pleasure of the mayor." Thus, Plaintiff was subject to being terminated by the Mayor.

The United States Supreme Court has held in Garcetti v. Ceballos, that when public

employees make statements pursuant to their official duties, such employees are not speaking as private citizens for First Amendment purposes. 547 U.S. 410, 126 S. Ct. 1951, 164 L. Ed. 2d 689 (2006). Thus, the First Amendment does not prohibit managerial discipline of such employees for such speech. Id. at 421-22, 126 S. Ct. 1951.

Therefore, to determine whether Plaintiff's First Amendment rights were infringed upon, the proper inquiry is whether her expressions were made pursuant to her duties as the City Clerk and Chief Financial Officer for the City.

The official job description of the City of Tupelo Chief Financial Officer is to "[p]rovide the Mayor and City Council with information or other assistance as needed." Moreover, the CFO is imbued with the responsibility to "[a]ttend meetings of the City Council" . . . "[a]nalyze department budget requests, prepare annual City Budget and make[] presentation[s] to City Council." The CFO also is charged with monitoring the income and expenses of all funds of the City. Further listed among the CFO's job duties is the "[a]bility to effectively present information to the Mayor and City Council and to public groups . . ." and the "[a]bility to analyze city operations and derive a feasible solution to make those operations more economical."

Kim Hannah, Holcombe's Assistant Finance Director, testified that those opinions expressed by Holcombe were part of her official duties. Councilman Jones also testified that citizens were not qualified to give the types of opinions commonly given by Holcombe in her official capacity as CFO. The plaintiff herself even acknowledged that it was her duty to provide her frank analysis and opinions to the City Council. The testimony produced during the hearing proved that when speaking to the City Council, Plaintiff was not required to pre-register as the public must and was not limited by time as the public is. Moreover, Plaintiff admitted that she had not written newspaper articles or complained to the state auditor to air her complaints. Therefore, Plaintiff failed to prove to the Court

that her speech would fall outside the Garcetti exception for protected First Amendment speech. Thus, she has not shown, at this stage in the proceedings, that she will likely be successful on the merits of her claim.

*Irreparable Injury if the Injunction is Denied*

"The purpose of a preliminary injunction is to prevent irreparable injury so as to preserve the court's ability to render a meaningful decision on the merits"" Miss. Power & Light Co. v. United Gas Pipe Line Co., 760 F.2d 618, 627 (5th Cir. 1985). Irreparable injury is harm that "cannot be undone through monetary damages," i.e., harm for which money damages are inadequate or for which it is virtually impossible to compute money damages. Deerfield Med. Ctr. v. City of Deerfield Beach, 661 F.2d 328, 338 (5th Cir. 1981); Taylor v. Cordis Corp., 634 F. Supp. 1242, 1250 (S.D. Miss. 1986). The "central inquiry in deciding whether there is a substantial threat of irreparable harm to the [claimant] is whether the [claimant's] injury could be compensated by money damages." City of Meridian v. Algernon Blair, Inc., 721 F.2d 525, 529 (5th Cir. 1983).

Plaintiff recognizes that damages will normally be an adequate remedy for loss of employment. The Court finds from the evidence presented at the hearing that monetary damages would compensate Plaintiff fully for any harm should the jury find in her favor.

*Injury from Denial of Injunction Outweighs Harm that will Result if Granted*

As noted in the above analysis, Plaintiff's injury from denial of the injunction will not outweigh the harm that would result to the Defendant if the injunction were granted.

*Granting the Injunction will not disserve the public interest*

Plaintiff argued that the City of Tupelo will be disadvantaged by her termination; thus, the injunction should issue as it would be in the best interest of the public. This argument is unpersuasive. Testimony during the hearing revealed that Plaintiff could be replaced in her position.

Further, her replacement, Kim Hannah, has held the interim CFO position prior to this instance. Thus, this factor does not weigh in favor of granting the injunction.

*C. Conclusion*

A permanent injunction is an extraordinary remedy, and should only be granted if the movant has clearly carried the burden of persuasion on all four prerequisites. Pursuant to the bench opinion as stated on the record Wednesday, January 7, 2009, Plaintiff has not met the four factors and, therefore, the requested injunction will not issue.

SO ORDERED, this the  12th   day of January, 2009.

 **/s/ Sharion Aycock**
**U.S. DISTRICT JUDGE**